IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE No.: 16-03855 (BKT) |
| **ADELICIA MELENDEZ BURGOS** | CHAPTER 13 |
| Debtor | |
| FIRSTBANK PUERTO RICO | (X) 11 U.S.C. §1325(a)(6), on *Confirmation of plan (feasibility)*; (X) 11 U.S.C. §365 on *Unexpired leases*; |
| Movant | (X) 11 U.S.C. §1327(a) on *Effect of a confirmed plan* |

### OBJECTION TO CONFIRMATION OF PROPOSED PLAN

**TO THE HONORABLE COURT:**

COMES NOW, Movant FIRSTBANK Puerto Rico, through its undersigned attorney and very respectfully states and preys:

**I. JURISDICTION**

1. This Honorable Court has jurisdiction over the instant case pursuant to 28 USC §1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, 11 U.S.C. §365 on *Unexpired leases*, and 11 U.S.C. §1325(a)(1) and (6), on *Plan confirmation (feasibility)* and 11 U.S.C. §1327 (a) on *Effect of a confirmed plan*.

**II. FACTS**

2. Debtor filed the instant petition for relief under the provisions of Chapter 13 of the Bankruptcy Code (11 U.S.C. §1301 *et seq.*) on May 13, 2016.

3. Movant filed two (2) unsecured proof of claims as owner of respective vehicles leased to Debtor: <u>**no. 3-2**</u> in the amount of $31,740.00, regarding a 2012 Dodge Journey and no. 4-2 in the amount of $22,992.00 regarding a 2011 Chrysler Town & Country. <u>Both accounts were current at the filing of the voluntary petition</u>.

4. The confirmed plan dated February 6, 2017 (docket no. 28) assumed both lease accounts and provided direct post-petition installments to appearing creditor.

5. On July 12, 2018 Firstbank PR filed a Motion for Relief from the automatic stay (docket no. 36) because both account were in post-petition arears: Debtor owed $4,042.72 equivalent to seven (7) installments for claim <u>no. 3-2</u> and $3,999.65 equivalent to eight (8) installments for claim <u>no. 4-2</u>.

6. <u>Regarding claim **no. 3-2**, as of **as of August 24, 2018** Debtor owes Firstbank PR $4,069.15, equivalent to seven (7) post-petition installments, the accrued late charges and the costs of the motion (*Attachment "A"*),</u> while as of **August 27, 2018** claim **no. 4-2** also remains in arrears, in the amount of $4,526.55, equivalent to nine (9) months (*Attachment "B"*). Firstbank PR also confirms that as of August 27, 2018 the 2011 Chrysler Town & Country leased to Debtor (claim **no. 4-2**) has not been surrendered to creditor.

7. Debtor replied creditor's motion (docket no. 42) and filed a *Post confirmation modified* ("PCM") plan dated August 10, 2018 (docket no. 50), including seven (7) post-petition installments due for claim **no. 3-2** to be paid through the plan, while this PCM plan does not mention the lease agreement related to claim **no. 4-2**.

8. The proposed PCM plan dated August 10, 2018 (docket no. 50) has three (3) main issues. **First**, although plan assumes the lease regarding claim **no. 3-2**, the inclusion of post-petition payments through the plan demonstrates a clear *feasibility* issue. **Second**, payments to Firstbank's lease (claim **no. 3-2**) will start after the additional attorney's fees and the remaining amount of Treasury's priority claim (no. 9), therefore it fails to comply with *promptly curing of the default* required by 11 U.S.C. §365. **Third**, plan fails to provide *adequate assurance of future performance* on a previously assumed lease regarding claim **no. 4-2**, remains in arrears and has not been provided for in the plan.

9. <u>For the reasons that follow Firstbank PR does not accept the Debtor's proposed PCM plan and objects the proposed treatment for its lease agreements.</u>

In compliance with Local Bankruptcy Rule 9013-2 (a), Firstbank PR hereby submits its motion or response accompanied by a supporting memorandum that contains the points and authorities in support of its position, together with the pertinent affidavits and/or documents.

## III. DISCUSSION

- **FEASIBILITY**

10. Section 1325 of the Bankruptcy Code (11 U.S.C. §1325) sets forth the requirements for confirmation of a Chapter 13 plan. 11 U.S.C. §1325(a) directly states that the court <u>shall</u> confirm a plan if:

> " (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—
    (A) the holder of such claim has accepted the plan;
    (B) ...

(6) <u>the debtor will be able to make all payments under the plan and to comply with the plan</u>;

(7) the action of the debtor in filing the petition was in good faith;

(8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

(9) the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308." (emphasis supplied)

11. The burden of proof regarding plan's compliance with section 1335 of the Bankruptcy Code relies on each Debtor. *In re Felberman*, 196 B.R. 678 (Bankr. S.D.N.Y. 1995); *In re Endicott*, 157 B.R. 255, 263 (W.D.Va. 1993).

12. The Bankruptcy Appellate Panel for the First Circuit broadly discussed the concept of *Feasibility* of a chapter 13 plan in the leading case of *In re Fantasia*, 211 B.R. 420 (B.A.P. 1st cir. 1997), determining as follows:

"The standards for confirmation of a Chapter 13 plan are found in 11 U.S.C. § 1325(a); subsection (6) addresses feasibility. **Feasibility is a factual determination and the bankruptcy court's decision will not be disturbed absent a firm conviction that clear error has been committed**. Fed.R.Bankr.P. 8013; 2 Keith M. Lundin, *Chapter 13 Bankruptcy* § 5.56 (2d ed. 1994); see 8 Lawrence P. King et al., *Collier on Bankruptcy*, 1325-07 (15th ed. 1997) ("**[b]y far the most important criterion for the confirmation of a chapter 13 plan in terms of promoting the success of chapter 13 proceedings is subsection 1325(a)(6)'s requirement that the court determine whether the chapter 13**

**debtor will be able to make all payments under the plan and comply with all other provisions. . .").** (emphasis supplied).

13. Moreover, the Court also pointed out that "the bankruptcy court should be satisfied that the debtor has the present as well the future financial capacity to comply with the terms of the plan. *In re Crotty*, 11 B.R. 507, 511 (Bankr.N.D.Tex. 1981) (a definite declaration as to the source and amount of funds necessary to enable debtors to make payments under the plan is required)." *In re Fantasia*, supra.

- **ASSUMPTION/ REJECTION OF LEASE AGREEMENT**

14. The assumption, assignment or rejection of an unexpired lease or executory contract must be done consistent with the provisions of 11 U.S.C. §§1322(b)(7) and 11 U.S.C. §365. It has been held that the filing of a Chapter 13 petition by itself is not sufficient to accomplish the assumption, assignment or rejection of an executory contract because the petition *per se* does not satisfies 11 U.S.C. §365 requirement of obtaining Court's approval for the assumption or rejection of such contract.

15. The rejection of an executory contract or unexpired lease constitutes a default and liquidated damages provisions under the contract will be enforceable in bankruptcy. Damages upon rejection of a car lease include the repairs attributable to the debtor under the lease agreement. See Lundin, Keith; Chapter 13 Bankruptcy, Second Ed., Chapter 4 on Designing and Calculating Plans, subsection 4.91.

16. To that effect, subsections (b) (c) and (d) provide limitations on the trustee's powers. Particularly, subsection (b) requires the trustee to cure any default in the contract or lease and to provide adequate assurance of future performance if there has been a default before he may assume.

17. Under 11 U.S.C. §365(b)(1) if there has been a default in an executory contract or unexpired lease of the debtor, he or the trustee may not assume such contract or lease unless, at the time of assumption, the party-

> "(A) cures, or provides adequate assurance that the trustee will promptly cure, such default, ... :
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default"; and

(C) provides adequate assurance of future performance under such contract or lease."

18. The assumption of the lease agreement may be made through a motion or through the plan. In any event, Debtor as well as the trustee must establish how they intend to comply with the requirements of 11 U.S.C. §365(b)(1)(A), (B) and (C), regarding ***promptly curing of the default*** and ***adequate assurance of future performance***.

19. Title 11 USC §1326(a)(4) requires that not later than 60 days after the filing date of the voluntary petition of a case under this chapter, a debtor retaining possession of a personal property to a lease or securing a claim attributable in whole or in part to the purchase price of such property shall provide the lessor or secured creditor evidence of the maintenance of any required insurance coverage with respect to the use or ownership of such property and continue to do long as the debtor retains possession of such property.

- **EFFECTS OF A CONFIRMED PLAN**

20. Section 1327(a) of the Bankruptcy Code (11 U.S.C. §1327(a)) states that: "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

21. A confirmed plan "acts as a binding contract and an order of the bankruptcy court." *In re Jenkins*, 428 B.R. 845 (B.A.P. 8th Cir. 2010). "Absent timely appeal, the confirmed plan is *res judicata* and its terms are not subject to collateral attack. The *res judicata* effect of confirmation may be eliminated only if confirmation is revoked or if the case is later dismissed or converted to another chapter. *See* Allan N. Resnick & Henry I. Sommer, 8 Collier *on Bankruptcy*, 1327.02[1] (16th ed. 2014)." *In re Galindez,* 514 B.R. 79, 89 (Bankr. DPR 2014).

22. <u>As well discussed in the case of *In re Galíndez*, supra, "after *Espinosa*, 'a creditor or other party in interest who chooses to sleep on its rights by not objecting to a plan does so at its own peril and as long as due process requirements are met, will be bound by it.' *In re McLemore*, 426 B.R. 728, 744 (Bankr. S.D. Ohio 2010) (citation omitted) (emphasis added)." *In re Monahan*, 497 B.R. at 651."</u>

23. The most recent 1st Circuit BAP decision of *In re Diruzzo*, (BAP No. RI 14-049, 14-05), the Court adopted the *Galindez* approach supported by commentators Lundin and Brown, as to the

binding effect of a confirmed chapter 13 plan.

> "In a recent decision, the U.S. Bankruptcy Court for the District of Puerto Rico examined the interplay between the claims allowance process and the binding effect of a chapter 13 plan in light of *Espinosa* and its progeny. (internal quotations omitted) The Jimenez Galindez court examined the three different approaches for handling inconsistencies between the claims allowance process and the binding effect of the plan developed through case law: (1) the "claims process over the plan confirmation process"; (2) the "chapter 13 plan process over the claims process"; and (3) the "middle-of-the-road approach." 514 B.R. at 93 (internal quotations and citation omitted). After an extensive discussion, the bankruptcy court determined that, in light of *Espinosa*, the various commentators, and the relevant sections of the Bankruptcy Code, the binding effect of the chapter 13 plan prevails over other considerations, with the exception of notice and due process. The court stated: "This court adopts the second approach, which emphasizes the binding effect of a confirmed plan provided that the due process requirements of reasonable and actual notice were satisfied. This view is aligned with the Espinosa decision, which supports the principle of finality of plan confirmation orders." Id. at 97 (citing *In re McGrahan*, 459 B.R. at 874-875; *In re Murphy*, 487 B.R. 86, 94 (Bankr. D.R.I. 2013); *In re Muñoz Marquez*, No. 10-03882, 2011 Bankr. LEXIS 3806 (Bankr. D.P.R. Sept. 28, 2011)).
>
> In adopting this approach, the Jimenez Galindez court noted that commentators Lundin and Brown, in their Chapter 13 Bankruptcy treatise, opined that Espinosa should not be read narrowly, that is, as being just a student loan discharge case – rather the Espinosa decision is:
>
>> ". . . a robust confirmation that the effect of confirmation under § 1327(a) really means what the Code says: 'The provisions of a confirmed plan bind the debtor and each creditor . . . whether or not such creditor has objected to, has accepted, or has rejected the plan.' Although many circuit court decisions have gone astray in recent years, chipping away at the finality of confirmation orders in various contexts in chapter 13 cases—sometimes confusing statutory and procedural rights with constitutional due process—in Espinosa, the Supreme Court brings us back to reality." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 229.1, at Sec. Rev. Oct. 8, 2010, www.Ch13online.com." *In re Diruzzo*, supra.

## IV. ALLEGATIONS

24. Movant filed two (2) unsecured proof of claims as owner of respective vehicles leased to Debtor: **no. 3-2** in the amount of $31,740.00, regarding a 2012 Dodge Journey, and **no. 4-2** in the amount of $22,992.00, regarding a 2011 Chrysler Town & Country. <u>Both accounts were current at the filing of the voluntary petition</u>.

25. The confirmed plan dated February 6, 2017 (docket no. 28) assumed both lease

agreements with Firstbank PR and provided direct post-petition installments to appearing creditor.

26. On July 12, 2018 Firstbank PR filed a Motion for Relief from the automatic stay (docket no. 36) because both lease accounts were in post-petition arrears: Debtor owed $4,042.72 equivalent to seven (7) installments for claim **no. 3-2** and $3,999.65 equivalent to eight (8) installments for claim **no. 4-2**.

27. Debtor's proposed *post confirmation modified* ("PCM") plan dated August 10, 2018 (docket no. 50) includes seven (7) post-petition installments due for claim **no. 3-2** to be paid through the plan, while it does not mention the lease agreement related to claim **no. 4-2**.

28. Regarding claim **no. 3-2**, as of **as of August 24, 2018** Debtor owes Firstbank PR $4,069.15, equivalent to seven (7) post-petition installments, the accrued late charges and the costs of the motion (*Attachment "A"*), while as of **August 27, 2018** claim **no. 4-2** also remains in arrears, in the amount of $4,526.55, equivalent to nine (9) months (*Attachment "B"*). **Although PCM plan (docket no. 50) assumes the lease regarding claim no. 3-2, the inclusion of post-petition payments through the plan demonstrate a serious feasibility problem, since compliance with payments in accordance to the plan as budgeted in Scheduled "J" is the basis of any chapter 13 case. Debtor choose to keep both vehicles without paying for them according to the terms of each lease agreement. She not only failed to explain what caused the financial distress during bankruptcy which resulted in the post-petition arrearage to both lease accounts, but what will happen from now on that will allow her comply with the proposed PCM plan dated August 10, 2018 (docket no. 50)**.

29. **In the other hand, according to the terms of the proposed PCM plan (docket no. 50), trustee's payments to Firstbank's lease (claim no. 3-2) will start after the additional attorney's fees and the remaining amount of Treasury's priority claim (no. 9). Firstbank objects this treatment since it does not comply with the *promptly curing of the default* required by 11 U.S.C. §365**.

30. **Although the confirmed plan dated February 6, 2017 (docket no. 28) assumed both lease agreements with Firstbank PR, the proposed PCM plan (docket no. 50) fails to provide for lease agreement regarding claim no. 4-2 (2011 Chrysler Town & Country). Therefore the**

**PCM plan (docket no. 50) fails to provide *adequate assurance of future performance* on the lease regarding claim no. 4-2 as required by 11 U.S.C. §365, but does not agree to the lifting of the automatic stay regarding said account. Considering the above discussed effect of confirmation of a chapter plan and the cited case law, Firstbank PR objects the confirmation of the PCM plan (docket no. 50) and does not accept the proposed treatment for its leases.**

31. For the above stated reasons Firstbank PR does not accept the proposed plan since it is not feasible and fails to comply with requirements of 11 U.S.C. §365.

**V. PRAY**

WHEREFORE, and for the above stated reasons, Movant objects the confirmation of the proposed PCM plan and requests it be denied.

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise, pursuant to Local Bankruptcy Rule 9013-1 (c)(1).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 27th day of August, 2018.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy was served by CM/ECF at the authorized address to: all creditors; Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee, Roberto Figueroa Carrasquillo, Esq., counsel for debtor and to debtor by regular mail to the address of record: Altos de la Fuente, E2 calle 2, Caguas, P.R. 00725, as per the attached *List of creditors*.

//s// Maricarmen Colón Díaz
**MARICARMEN COLON DIAZ**, Esq.
Attorney for Movant - USDC 211410
MARIA M. BENABE RIVERA– USDC 208906
P.O. Box 9146, Santurce, P.R. 00908-0146
Centro Servicios al Consumidor (248)
1130 Muñoz Rivera Ave., San Juan, P.R.
Tel. (787) 729-8135 / Fax (787) 729-8276
maricarmen.colon@firstbankpr.com

Attachment "

IN THE UNITED STATES BANKRUPTCY COURT

| IN RE: | ADELICIA MELENDEZ BURGOS | | Case No. | 16-03855 |
|---|---|---|---|---|
| | DEBTOR (S) | Index | Chapter: | 13 |

| | | |
|---|---|---|
| | ☐ | of acts against property under 11 USC 362 (D) (2) |
| FIRSTBANK PUERTO RICO MOVANT | ☒ X | of acts against property under 11 USC 365 (D) (2) |
| VS. | ☐ | of other acts under II USC (D) (1) 1307 |
| RESPONDENT (S) | ☐ | of co-debtor stay under 11 USC 1201 (c) (2) or 1301 (c) (2) |

Creditor: Movant

Account Number: XXXXXX6232

**STATEMENT OF AMOUNT DUE INCLUIDING A BREAKDOWN
IN THE FOLLOWING CATEGORIES**

As of Date:                                    Per Diem Interest:

1. Principal Balance Due:                                             $20,627.04

2. Interest Due: From:

3. Late Charges Due:

4. Advance for:     Taxes

                    Others charges

5. Attoneys cost & fees

6. Any other charge (Motion)                                       $   181.00

7. Total                                                              $20,808.04

I, Yvette Huertas, Assistant Vice President of Firstbank Puerto Rico declares under penalty of perjury the laws of the United States that the foregoing is true and correct.

In San Juan, Puerto Rico this August 24, 2018.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

**ADELICIA MELENDEZ BURGOS**

DEBTOR (S)

FIRSTBANK PUERTO RICO
MOVANT

VS.

RESPONDENT (S)

Case No. 16-03855
Chapter: 13

## STATEMENT OF INSTALLMENTS DUE
## COST AND ATTORNEY'S FEES OWD ON PERSONAL LOANS
## CONDITIONAL SALES CONTRACT NUMBER:

XXXXXXXX6232

As of August 24, 2018

**A.** PRE-PETITION

    0 Monthly installments of $   - Due $   -

    0 Monthly installments of $   - Due $   -

Total pre-petition installments and late charges due     $   -

**B.** POST-PETITION

    7 Monthly installments of $ 529.00 Due $ 3,703.00

    7 Monthly installments of $ 26.45 Due $ 185.15

Total post-petition installments and late charges due     $ 3,888.15

**C.** ATTORNEYS FEES

**TOTAL INSTALLMENTS DUE, COST AND ATTORNEYS FEES OWED**

```
Page:  1                                                                      Desc: Main
AMAI                 08/24/18          ACCOUNT INQUIRY          14:58:00                KO
CUR
CTL2 001  CTL3 000   CTL4 0000    ACCT xxxxxxxxxx6232     EFF DATE      08/24/18
CTL2 000  CTL3 000   CTL4 0000    CUST                    PART NONACCRL
                                  ******** RATES *********   PRECOMPUTED - ADD ON
PAYOFF                 19507.46                              AUTO DR                   N
ORIG LOAN AMT          31740.00   CURR RATE    10.0000000    PROD TYPE              A781
ORIG PROCEEDS          23991.49   ORIG RATE    10.0000000    PRIM OFFICER            567
LT CHG DUE               207.63   PER DIEM      0.0000000    GL KEY 070010001 21
FEES DUE                   0.00   ********* DATES ********   CALL CODE              06B0
CURRENT PRIN           20627.04   CONTRACT DATE   03/31/16   ***** REPAYMENTS *****
CURRENT INT            1856.21-   CURR MATURITY   04/05/21   CURR TERM                60
SCH PYMT AMT             529.00   CLOSED DATE                PYMTS MADE               21
CUR PYMT AMT             529.00   SCHED DUE DATE  09/05/18   PYMTS REM                39
PAST DUE AMT            3544.30   OLDEST DUE DATE 02/05/18   MONTHS EXTD   0 REN 000
PARTIAL PAID             158.70   LAST MAINT DT   07/10/18   YTD INT COL       606.26-
*************************         LST BAL CHG DT  08/21/18   INT COL PRV       1998.41
ADELICIA MELENDEZ-BURGOS                                     ***** CREDIT HIST *****
URB ALTOS DE LA FUENTE                                       011 016 030 060 090 000
E2 CALLE 2                                  COLLATERAL       008 006 004 001 009 001
CAGUAS                    PR 00727-7309 CODE: AUTO
PH (    ) ( 787 ) 344-7885              DESC: #REFI12170148458
PF1-NEXT STAT   PF2-PREV STAT   PF3-ADDL INFO
AMPCGIS1 AM7294 I: FIRST STATUS DISPLAYED                                       LAST
```

Date: 08-24-2018 Time: 14:59:32.29

```
Page: 1   Document Name: Carmen Maysonet
AMHS           08/24/18              HISTORY SUMMARY        14:58:07
CUR                                  *ACCT MSG*
CTL2 001 CTL3 000 CTL4 0000 ACCT xxxxxxxxxx6232 MELENDEZ-BURG
START DATE 02/05/18

OPT: A=ACCRUED SINCE LAST TRAN, C=CAPTURE, R=REVERSAL, S=SPECIFIC, H=SPLIT HIST
     D=DISPUTED ITEM STATUS CHG
OPT   EFF DATE TRAN DESCRIPTION           TRAN AMOUNT        POST BALANCE
      02/05/18 7072 INC NON RECVY              748.47          22,214.04
      02/21/18 2983 USER DAG UPD     MULTIPLE FIELDS
      02/21/18 7011 FEE ASSESSMENT              26.45          22,214.04
      03/21/18 7011 FEE ASSESSMENT              26.45          22,214.04
      03/30/18 2013 USER-AMT2 UPDAT  MULTIPLE FIELDS
      04/02/18 8080 PAY BY PHONE               555.45          21,685.04
      04/18/18 2983 USER DAG UPD     MULTIPLE FIELDS
      04/23/18 7011 FEE ASSESSMENT              26.45          21,685.04
      05/21/18 7011 FEE ASSESSMENT              26.45          21,685.04
      06/05/18 8080 PAY BY PHONE               555.45          21,156.04
      07/10/18 2983 USER DAG UPD     MULTIPLE FIELDS
      07/23/18 7011 FEE ASSESSMENT              26.45          21,156.04
      08/21/18 8080 PAY BY PHONE               529.00          20,627.04
      08/21/18 7011 FEE ASSESSMENT              26.45          20,627.04
PF2-NEXT PAGE   PF3-PREV PAGE   PF6-SELECT
```

Date: 08-24-2018 Time: 14:59:38.40

Attachment "B"

## IN THE UNITED STATES BANKRUPTCY COURT

| | |
|---|---|
| IN RE: ADELICIA MELENDEZ BURGOS | Case No. 16-03855<br>Chapter: 13 |
| DEBTOR (S) | Index |
| FIRSTBANK PUERTO RICO | [ ] of acts against property under 11 USC 362 (D) (2) |
| MOVANT | [X] of acts against property under 11 USC 365 (D) (2) |
| VS. | [ ] of other acts under II USC (D) (1) 1307 |
| RESPONDENT (S) | [ ] of co-debtor stay under 11 USC 1201 (c) (2) or 1301 (c) (2) |

Creditor: Movant

Account Number: XXXXXX6234

### STATEMENT OF AMOUNT DUE INCLUIDING A BREAKDOWN IN THE FOLLOWING CATEGORIES

As of Date:                                   Per Diem Interest:

1. Principal Balance Due:                                          $13,940.18

2. Interest Due: From:

3. Late Charges Due:

4. Advance for:    Taxes

            Others charges

5. Attoneys cost & fees

6. Any other charge  (Motion)

7. Total                                                          $13,940.18


I, Yvette Huertas, Assistant Vice President of Firstbank Puerto Rico declares under penalty of perjury the laws of the United States that the foregoing is true and correct.

In San Juan, Puerto Rico this August 27, 2018.

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

**ADELICIA MELENDEZ BURGOS**

DEBTOR (S)

FIRSTBANK PUERTO RICO
MOVANT

VS.

RESPONDENT (S)

Case No.    16-03855
Chapter:    13

## STATEMENT OF INSTALLMENTS DUE
## COST AND ATTORNEY'S FEES OWD ON PERSONAL LOANS
## CONDITIONAL SALES CONTRACT NUMBER:

XXXXXX6234

As of   August   27,   2018

**A.**  PRE-PETITION

0   Monthly installments of   $   -   Due $   -

0   Monthly installments of   $   -   Due $   -

Total pre-petition installments and late charges due   $   -

**B.**  POST-PETITION

9   Monthly installments of   $   479.00   Due $  4,311.00

9   Monthly installments of   $   23.95   Due $   215.55

Total post-petition installments and late charges due   $  4,526.55

**C.**  ATTORNEYS FEES

**TOTAL INSTALLMENTS DUE, COST AND ATTORNEYS FEES OWED**

```
AMAI                08/27/18         ACCOUNT INQUIRY            08:49:40           KO
CUR
CTL2 001   CTL3 000   CTL4 0000   ACCT xxxxxxxxxx6234    EFF DATE          08/27/18
CTL2 000   CTL3 000   CTL4 0000   CUST          ......   PART NONACCRL
                                  ******** RATES *********   PRECOMPUTED - ADD ON
PAYOFF                 13940.18                              AUTO DR                 N
ORIG LOAN AMT          22992.00   CURR RATE    10.0000000   PROD TYPE            A781
ORIG PROCEEDS          17993.68   ORIG RATE    10.0000000   PRIM OFFICER          567
LT CHG DUE               235.91   PER DIEM      0.0000000   GL KEY 070010001 21
FEES DUE                   0.00   ********* DATES ********   CALL CODE            06B0
CURRENT PRIN           13887.41   CONTRACT DATE    03/31/16  ***** REPAYMENTS *****
CURRENT INT              662.14-  CURR MATURITY    04/05/20  CURR TERM              48
SCH PYMT AMT             479.00   CLOSED DATE                PYMTS MADE             19
CUR PYMT AMT             479.00   SCHED DUE DATE   09/05/18  PYMTS REM              29
PAST DUE AMT            4191.25   OLDEST DUE DATE  12/05/17  MONTHS EXTD   0 REN 000
PARTIAL PAID             119.75   LAST MAINT DT    07/10/18  YTD INT COL       397.29-
**************************       LST BAL CHG DT   04/02/18  INT COL PRV      1359.14
ADELICIA MELENDEZ-BURGOS                                    ***** CREDIT HIST *****
URB ALTOS DE LA FUENTE                                      011 016 030 060 090 000
E2 CALLE 2                                    COLLATERAL    008 006 004 001 009 001
CAGUAS                     PR 00727-7309 CODE: AUTO
PH (    ) ( 787 ) 344-7885              DESC: #REFI12170145690
PF1-NEXT STAT   PF2-PREV STAT   PF3-ADDL INFO
AMPCGIS1 AM7294 I: FIRST STATUS DISPLAYED                                      LAST
```

Date: 08-27-2018 Time: 08:51:14.58

```
AMHS              08/27/18          HISTORY SUMMARY         08:49:49
CUR                                    *ACCT MSG*
CTL2 001 CTL3 000 CTL4 0000 ACCT xxxxxxxxxx6234 MELENDEZ-BURG
START DATE 02/05/18

OPT: A=ACCRUED SINCE LAST TRAN, C=CAPTURE, R=REVERSAL, S=SPECIFIC, H=SPLIT HIST
     D=DISPUTED ITEM STATUS CHG
OPT  EFF DATE TRAN DESCRIPTION              TRAN AMOUNT       POST BALANCE
     02/05/18 7070 MOVE TO NONACCR                487.90         14,366.41
     02/05/18 7072 INC NON RECVY                  487.90         14,366.41
     02/21/18 2983 USER DAG UPD    MULTIPLE FIELDS
     02/21/18 7011 FEE ASSESSMENT                  23.95         14,366.41
     03/21/18 7011 FEE ASSESSMENT                  23.95         14,366.41
     03/30/18 2013 USER-AMT2 UPDAT MULTIPLE FIELDS
     04/02/18 8080 PAY BY PHONE                   502.95         13,887.41
     04/18/18 2983 USER DAG UPD    MULTIPLE FIELDS
     04/23/18 7011 FEE ASSESSMENT                  23.95         13,887.41
     05/21/18 7011 FEE ASSESSMENT                  23.95         13,887.41
     06/21/18 7011 FEE ASSESSMENT                  23.95         13,887.41
     07/10/18 2983 USER DAG UPD    MULTIPLE FIELDS
     07/23/18 7011 FEE ASSESSMENT                  23.95         13,887.41
     08/21/18 7011 FEE ASSESSMENT                  23.95         13,887.41
PF2-NEXT PAGE   PF3-PREV PAGE   PF6-SELECT
```

Date: 08-27-2018 Time: 08:51:21.53

```
Label Matrix for local noticing          FIRSTBANK PR                             (p)JEFFERSON CAPITAL SYSTEMS LLC
0104-3                                   PO BOX 9146                              PO BOX 7999
Case 16-03855-BKT13                      SAN JUAN, PR 00908-0146                  SAINT CLOUD MN 56302-7999
District of Puerto Rico
Old San Juan
Fri Aug 24 16:33:50 AST 2018

US Bankruptcy Court District of P.R.     American Express Bank FSB                Amex
Jose V Toledo Fed Bldg & US Courthouse   c/o Becket and Lee LLP                   PO Box 297871
300 Recinto Sur Street, Room 109         PO Box 3001                              Fort Lauderdale, FL 33329-7871
San Juan, PR 00901-1964                  Malvern PA 19355-0701


BOLIVAR ARBOLEDA                         COOPERATIVA A/C LAS PIEDRAS              Chld/Cbna
URB ALTOS DE LA FUENTE                   APARTADO 414                             PO Box 6497
E2 Calle 2                               LAS PIEDRAS PR 00771-0414                Sioux Falls, SD 57117-6497
Caguas, PR 00727-7309



Coop De A/C Las Piedras                  DEPARTMENT OF TREASURY                   Departamento de Hacienda
PO Box 252                               BANKRUPTCY SECTION 424 B                 PO Box 9024140
Las Piedras, PR 00771-0252               PO BOX 9024140                           San Juan, PR 00902-4140
                                         SAN JUAN, PR 00902-4140


FIRST BANK                               Firstbank Puerto Rico                    Firstbank Puerto Rico
CONSUMER SERVICE CENTER                  PO Box 11856                             PO Box 9146
BANKRUPTCY DIVISION-(CODE 248)           San Juan, PR 00910-3856                  San Juan, PR 00908-0146
PO BOX 9146, SAN JUAN,PR. 00908-0146


Island Finance                           LCDA SUSAN BONILLA FLORES                MIDLAND FUNDING LLC
PO Box 71504                             PO Box 1004                              PO BOX 2011
San Juan, PR 00936-8604                  Juncos, PR 00777-1004                    WARREN, MI 48090-2011



SANTANDER FINANCIAL D/B/A ISLAND FINANCE Sears/Cbna                               Syncb/Jc Penney PR
PO BOX 195369                            133200 Smith Rd                          PO Box 965007
SAN JUAN PR 00919-5369                   Cleveland, OH 44130                      Orlando, FL 32896-5007



Syncb/tjx Cos Dc                         Synchrony Bank                           Synchrony Bank
PO Box 965005                            c/o PRA Receivables Management, LLC      c/o Recovery Management Systems Corp
Orlando, FL 32896-5005                   PO Box 41021                             25 SE 2nd Ave Suite 1120
                                         Norfolk VA 23541-1021                    Miami FL 33131-1605


ADELICIA MELENDEZ BURGOS                 ALEJANDRO OLIVERAS RIVERA                MONSITA LECAROZ ARRIBAS
ALTOS DE LA FUENTE                       ALEJANDRO OLIVERAS CHAPTER 13 TRUS       OFFICE OF THE US TRUSTEE (UST)
E2 CALLE 2                               PO BOX 9024062                           OCHOA BUILDING
CAGUAS, PR 00725-5805                    SAN JUAN, PR 00902-4062                  500 TANCA STREET SUITE 301
                                                                                  SAN JUAN, PR 00901


ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Capital Systems LLC<br>PO Box 7999<br>St Cloud, MN 56302-9617 | (d)JEFFERSON CAPITAL SYSTEMS LLC<br>PO Box 7999<br>St Cloud MN 56302 | End of Label Matrix<br>Mailable recipients    27<br>Bypassed recipients     0<br>Total                  27 |